## Jackson v. Commonwealth.

(Decided October 2, 1923.)

### Appeal from Campbell Circuit Court.

Homicide—Court Erred in Withdrawing from Jury Threats Made by Deceased out of Accused's Presence.—In a homicide case, where accused set up self-defense, the court erred in withdrawing from the consideration of the jury evidence of threats made by deceased against accused to a third person in the absence of accused immediately before the killing.

JOHN D. DAVIS for appellant.

THOS. B. McGREGOR, Attorney General, and LILBURN PHELPS, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE SAMPSON— Reversing.

Appellant Jackson, who was convicted in the Campbell circuit court of the crime of voluntary manslaughter and his punishment fixed at ten years in the penitentiary, asks a reversal of the judgment for several alleged reasons stated by him as follows:

"First: The court erred when it refused to allow the defendant to have an instruction to the jury that the defendant had a right to protect his home and family from any invasion by Edward Ruder, the deceased.

"Second: That the verdict of the jury was against the law and the evidence, and not supported by the law or evidence.

"Third: That the defendant has discovered important evidence in his favor since the trial of this case, and in support of said evidence the written affidavit signed and sworn to by Margaret Worthington is herewith filed with this motion and grounds and marked exhibit 'A,' also the affidavit signed and sworn to by Linnie Simpson, which is also herewith filed with this motion and grounds and marked exhibit 'A.'

"Fourth: The court erred when it refused to allow evidence that was produced in open court by witnesses for the defendant that was relevant to the case and competent, refused to allow the jury to consider same after the attorney for the Commonwealth objected to said evidence, and the court refused to allow the jury to consider

said evidence and defendant's attorney asked for an exception to the ruling of the court, which was granted.''

We do not attach much importance to appellant's first three grounds for new trial, but we think there is merit in the fourth. The competent testimony which the court refused appellant the privilege of introducing and which forms the basis of the fourth complaint was that given by Martin Ferres. He resided in an apartment on the ground floor of the building in which the homicide occurred. He knew both Ruder, the deceased, and appellant Jackson. They were all laboring men. The deceased had joined the union. On the day of the homicide he was intoxicated and was brought home about noon on a load of coal by a colored driver. He was more or less abusive to the landlady, Annie Carnes. He either struck or offered to strike her on one or more occasions during that afternoon. Part of the time he was in bed in a drunken sleep. After he arose he and Annie had a dispute and he tried to force her to go with him to a houseboat on the river, which she refused to do. After quite a lot of talk she ordered him to take his things and leave. In obedience to this direction deceased took some of his shirts and wrapped them up and went down to the door of the witness, Ferres, late at night and knocked for admittance. When admitted he asked to be permitted to leave his belongings there until he could call for them. He had with him some whiskey and offered Ferres a drink of the whiskey, which was refused by Ferres; deceased set it upon the stairway and seated himself for a conversation with Ferres. He called appellant and Annie "scabs" and cursed and abused them. According to the witness Ferres deceased said he was going back upstairs and kick them all off, meaning he would kill them. He wanted to borrow a pistol from the witness and complained that somebody had taken his pistol, which was in his room upstairs. He offered to buy the witness' gun and pay him $35.00 for it, or pay him $35.00 for the use of it for five minutes, provided the witness would furnish him three cartridges. The witness undertook to dissuade deceased from the use of the pistol, to which deceased said: ''I want it to knock them off. . . . I want to kick them all off.'' Deceased stayed around there for quite a while and then, after swearing he intended to and would kill appellant and other members of the household, he went upstairs and immediately thereafter the pistol fired.

As appellant Jackson relies upon self-defense the evidence given by Ferres as to the threats made by deceased against appellant was material and important and were calculated to have a controlling influence upon the jury in its deliberation upon the case. The court should not have withdrawn this evidence from the consideration of the jury, for it tended to show the condition of the mind and the murderous purpose of the deceased immediately before the homicide. This evidence inclines strongly to prove that deceased precipitated the difficulty which brought about his death. Threats made by a deceased against one later committing a homicide are generally competent. The general rule upon the subject is stated in 16 Corpus Juris, page 545, as follows:

"Threats are relevant to show intent and motive, provided they were directed against the person injured; a threat against another person, or a mere general threat, one not directed to any special person, is not admissible."

The evidence was not incompetent as held by the trial court because these threats had not been communicated to appellant Jackson. Any statement or declaration made by the deceased shortly before the homicide which contributes to prove his purpose to injure or take the life of the appellant is competent and very material to appellant's defense, since he was attempting to show that deceased attacked him with a chair and appellant fired the fatal shot in defense of himself. There is little conflict in the evidence, which renders the evidence of Ferres more important. We are of opinion that the court erred to the prejudice of the substantial rights of appellant in withholding from the jury the evidence of the witness Ferres.

Judgment reversed for a new trial in accordance with the views herein expressed.

Judgment reversed.